COPY

PAUL L. GALE, Bar No. 065873
paul.gale@troutmansanders.com
SIAVASH DANIEL RASHTIAN, Bar No. 228644
daniel.rashtian@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

Attorneys for Defendant
SQM NORTH AMERICA CORPORATION

FILED
11 JAN -6 PM 1:29
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

CITY OF POMONA,

Plaintiff,

v.

SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.; SQM NORTH AMERICA CORPORATION; and DOES 1 through 200, Inclusive,

Defendants.

Case No. CV11-00167 RGK(VBKx)

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

**[DIVERSITY]**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant SQM North America Corporation ("SQMNA") hereby removes to this Court the state court action described below. SQMNA states the following in support of its Notice of Removal:

1. Plaintiff City of Pomona ("Plaintiff") brought suit against SQMNA in the Superior Court of California, Los Angeles County, in the matter entitled *City of Pomona v. Sociedad Quimica Y Minera De Chile S.A., et al.*, Los Angeles Superior Court Case No. KC059821 (the "Underlying Action"). A copy of the Complaint filed in Los Angeles Superior Court is attached hereto as Exhibit "A." A copy of the Summons issued with that Complaint is attached hereto as Exhibit "B."

2. SQMNA was served with the Complaint filed in the Underlying Action, and the accompanying Summons, on December 14, 2010. SQMNA was also served with additional documents previously filed in the Underlying Action on December 14, 2010. These additional documents are attached as Exhibit "C" hereto. In addition, SQMNA filed an Answer in the Underlying Action, which is attached as Exhibit "D" hereto.

3. The Underlying Action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by SQMNA under the provisions of 28 U.S.C. § 1441, because it is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

4. This notice of removal of a civil action to the United States District Court for the Central District of California, Western Division, is being filed within thirty days after SQMNA was served with a copy of the Summons and Complaint, which were the first documents served on SQMNA in the Underlying Action on December 14, 2010. This Notice of Removal is being filed on January 6, 2011.

**Diversity of Citizenship**

5. This civil action is between citizens of different states.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

6. Plaintiff City of Pomona is a municipal corporation organized under the laws of the state of California. As such, pursuant to *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973), Plaintiff is a citizen of the state of California within the meaning of 28 U.S.C. § 1332(c)(1).

7. SQMNA is a New York corporation that maintains its principal place of business in the state of Georgia. SQMNA is therefore a citizen of the states of New York and Georgia within the meaning of 28 U.S.C. § 1332(c)(1).

8. Plaintiff has named as a defendant, but has not yet served, Sociedad Quimica Y Minera De Chile S.A. ("SQM"). SQM is a Chilean corporation with its principal place of business in Santiago, Chile. SQM is therefore a citizen of Chile within the meaning of 28 U.S.C. § 1332.

9. 28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." Los Angeles, California, and the Superior Court for Los Angeles County, are within this district and division. Accordingly, removal to this Court is proper.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**Amount in Controversy**

10. The amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs.

11. It is facially apparent from the Complaint filed in the Underlying Action that the amount in controversy exceeds $75,000. The Complaint alleges that

SQM and SQMNA sold, exchanged, distributed, or delivered fertilizer that contained a naturally-occurring substance known as perchlorate. Plaintiff further alleges that the use of SQM and SQMNA's products caused the discharge or release of perchlorate into the water system of the City of Pomona, causing pollution, contamination, and substantial and continuing damage to the drinking water supply of the City of Pomona's water system.

12. Through the captioned matter, Plaintiff seeks to recover amounts it has allegedly incurred, or continues to incur, for investigation, treatment, remediation, and monitoring costs and expenses. Plaintiff seeks to recover these items jointly and severally, through theories of strict liability based on defective design and failure to warn, and negligence.

13. 28 U.S.C. § 1332(a) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different States . . . ."

14. Consequently, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

## Written Notice of Removal

15. Written notice of the filing of this Notice of Removal is being served on counsel for Plaintiff on January 6, 2011 pursuant to 28 U.S.C. §1446(d). Also pursuant to that section, a copy of this Notice of Removal, as well as the notice being provided to counsel for Plaintiff, will be promptly filed with the Clerk of the Los Angeles Superior Court.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## Joinder of All Defendants

16. SQMNA is the only defendant served with the Complaint. The consent of SQM for removal is not necessary because SQM has not yet been served in the Underlying Action.

17. This notice is being filed without prejudice to the objections and defenses of SQMNA.

WHEREFORE, Defendant SQMNA respectfully requests removal of this case to the United States District Court for the Central District of California, Western Division.

Dated: January 6, 2011

TROUTMAN SANDERS LLP

By: [signature]
Paul L. Gale
Siavash Daniel Rashtian

Attorneys for Defendant
SQM NORTH AMERICA CORPORATION

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# EXHIBIT A

Victor M. Sher, SBN 96197
Todd E. Robins, SBN 191853
Sara D. Van Loh, SBN 264704
SHER LEFF LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 348-8300
Facsimile: (415) 348-8333

Arnold M. Alvarez-Glasman, SBN 80095
Andew L. Jared, SBN 216935
ALVAREZ-GLASMAN & COLVIN
13181 Crossroads Pkwy, North
Suite 400- West Tower
City of Industry, CA 91746
Telephone: (562) 699-5500
Facsimile: (562) 692-2244

Attorneys for Plaintiff, City of Pomona

[Exempt from Filing and Motion Fees – Govt. Code § 6103]

ORIGINAL FILED
OCT 15 2010
LOS ANGELES SUPERIOR COURT

CASE ASSIGNED FOR ALL PURPOSES TO JUDGE BRUCE MINTO DEPT. H

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

CITY OF POMONA,

Plaintiff,

vs.

SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.; SQM NORTH AMERICA CORPORATION; AND DOES 1 through 200, INCLUSIVE,

Defendants.

CASE NO. KC059821

Date Filed:

COMPLAINT FOR DAMAGES AND OTHER RELIEF:
(1) STRICT PROD. LIABILITY (DESIGN DEFECT);
(2) STRICT PROD. LIABILITY (FAILURE TO WARN);
(3) NEGLIGENCE.

JURY TRIAL DEMANDED

H

Plaintiff City of Pomona hereby alleges as follows, based on information and belief and investigation of counsel:

I. SUMMARY OF THE CASE

1. Plaintiff CITY OF POMONA ("Plaintiff") owns and operates a public drinking water system that provides drinking water to residents and businesses in and around Pomona, California. Plaintiff seeks to recover by this action the substantial costs necessary to protect the

public and restore its damaged drinking water supply, which is contaminated by the toxic chemical perchlorate.

2. Perchlorate is a toxic substance that is a contaminant and/or impurity in certain commercial fertilizer products. Fertilizer products containing perchlorate were applied, released, discharged and/or disposed of in the vicinity of certain drinking water production wells owned and operated by Plaintiff. Perchlorate has migrated through the subsurface and into the groundwater, and now contaminates the drinking water pumped from Plaintiff's wells.

3. The defendants in this action are the manufacturers and distributors of the perchlorate-containing fertilizer products ("Fertilizer Products") that caused the contamination of Plaintiff's drinking water supply. Among other things, the manufacturer defendants knowingly manufactured, promoted, and sold products containing perchlorate, when they knew or reasonably should have known that this harmful compound would reach groundwater, pollute drinking water supplies, render drinking water unusable and unsafe, and threaten the public health and welfare, as it has done with respect to Plaintiff's drinking water supply.

4. Plaintiff files this lawsuit to recover compensatory and all other damages, including all necessary funds to reimburse Plaintiff for the costs of designing, constructing, installing, operating and maintaining the treatment facilities and equipment required to comply with California safe drinking water laws and to remove perchlorate from its drinking water supplies, and to ensure that the responsible parties bear such expense, rather than Plaintiff and its ratepayers.

## II. THE PARTIES

5. Plaintiff is a municipal corporation that owns and operates a public drinking water system that includes, among other elements, drinking water production wells that draw from one or more groundwater aquifers and associated pumping, storage, treatment and distribution facilities and equipment, all of which will be referred to collectively in this complaint as Plaintiff's "Water System." Plaintiff's Water System provides potable water to residents and businesses in and around Pomona, California. Among other things, Plaintiff's Water System includes the right of Plaintiff to appropriate and use groundwater for drinking water supplies

from its wells. Plaintiff has a significant property interest in the waters it appropriates and uses from its wells. The past, present and continuing contamination of such waters by perchlorate constitutes injury to such waters for which Plaintiff is entitled to, and hereby does, seek damages and other appropriate relief.

6. The following defendants designed, manufactured, formulated, marketed, promoted, distributed, sold (directly or indirectly), applied, discharged, disposed of and/or released the products containing the perchlorate that contaminates Plaintiff's wells and water supply.

7. Defendant SOCIEDAD QUIMICA Y MINERA DE CHILE S.A. ("SQM") is a Chilean corporation with its principal place of business in Santiago, Chile.

8. Defendant SQM NORTH AMERICA CORPORATION ("SQMNA"), a wholly owned subsidiary of SQM also known as Chilean Nitrate Sales Corporation, is a New York corporation with its principal place of business in Atlanta, Georgia, which at all times relevant to this action was doing business in California.

9. SQM and SQMNA are formulators and/or manufacturers and/or distributors of the Fertilizer Products that caused the contamination of Plaintiff's drinking water supply.

10. The names and capacities, whether individual, corporate or otherwise, of defendants named herein as DOES 1 through 200, inclusive, are unknown at this time to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff will amend the complaint to show the true names and capacities of said defendants when their identities and capacities have been ascertained.

11. The defendants named in paragraphs 7-8 above and defendant DOES 1 through 200, inclusive, are referred to collectively herein as "Defendants."

12. DOES 1 through 100, inclusive, are referred to collectively herein as Manufacturer Defendants.

13. DOES 101 through 200, inclusive, are referred to collectively herein as Distributor Defendants.

14. When reference is made in this complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

## III. JURISDICTION AND VENUE

15. The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts." The statutes under which this action is brought do not grant jurisdiction to any other trial court.

16. This Court has jurisdiction over Defendants because, based on information and belief, each is a corporation or other business that has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market either through the distribution or sale of products containing perchlorate in the State of California or by having a manufacturing, distribution or other facility located in California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

17. Venue is proper in Los Angeles County Superior Court because the damaged property at issue in this lawsuit is located in Los Angeles County.

## IV. ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

### A. The Contaminant: Perchlorate.

18. Perchlorate is a naturally occurring component of sodium nitrate, a substance found in the Atacama Desert of Chile. Defendant SQM for many years has mined and continues to mine perchlorate-containing sodium nitrate in Chile for use in its Fertilizer Products, which it then exports to countries around the world, including the United States, for industrial and domestic agricultural uses.

19. Perchlorate was an unnecessary impurity in the Fertilizer Products that neither added materially to the Products' effectiveness as fertilizers nor provided any other benefit as an ingredient in the Products.

20. Perchlorate has unique characteristics that cause extensive environmental contamination and a corresponding threat to the public health and welfare. In particular, perchlorate does not readily adsorb (i.e., stick) to soil particles. Rather, once it is applied, discharged, disposed of or otherwise released into or onto land, it is readily transported through the subsurface and into groundwater. In addition, perchlorate is known to be persistent, i.e. it does not readily biodegrade or chemically degrade naturally in the subsurface. There is a lengthy delay, based on site specific factors, between the time products containing perchlorate are released into the subsurface environment and the time perchlorate accumulates in groundwater in sufficient quantities and locations to contaminate public drinking water resources. In short, perchlorate migrates readily through soil and groundwater, resists natural degradation, and is difficult and costly to remove from groundwater.

21. Perchlorate presents a significant threat to public health and welfare. Perchlorate is known to inhibit iodide transport into the thyroid gland, which is essential for normal growth and development of many body systems including the brain. The decrease in iodide uptake can lead to permanent neurodevelopmental deficits.

22. No federal or state agency has approved perchlorate as an additive to drinking water. No federal or state agency has approved releasing or discharging perchlorate to groundwater.

**B. SQM, SQMNA, and the Manufacturer Defendants' Knowledge of Perchlorate's Hazards.**

23. SQM, SQMNA and the Manufacturer Defendants, each of whom have promoted the use of Fertilizer Products, knew or should have known of the grave harm and threat to the environment represented by proliferating use of this compound, including (among other things): widespread pollution of groundwater with perchlorate, contamination of public and private

drinking water supplies by this harmful compound, drinking water supplies rendered unfit and unusable for consumption and increased costs to public water suppliers and their customers.

24. SQM, SQMNA, and the Manufacturer Defendants had a duty and breached their duty to evaluate and test such products adequately and thoroughly to determine their environmental fate and transport characteristics and potential human health and environmental impacts before they produced and sold such products. They also had a duty and breached their duty to minimize the environmental harm caused by perchlorate, by, among other things, failing to remove or substantially reduce perchlorate, an unnecessary contaminant that adds no material benefit to the Products' effectiveness, from their Fertilizer Products. SQM, SQMNA, and the Manufacturer Defendants, and each of them, failed to adequately evaluate and test their Fertilizer Products, or otherwise ensure that perchlorate would not contaminate drinking water. As a direct, indirect and proximate result of these failures, perchlorate contaminated, and continues to contaminate, the drinking water supply of Plaintiff's Water System.

25. At all times relevant to this action, SQM, SQMNA, and the Manufacturer Defendants knew, or reasonably should have known, among other things, that: (a) perchlorate is toxic; and (b) when applied, discharged, disposed of or otherwise released into or onto land, perchlorate readily migrates through the subsurface, mixes easily with groundwater, resists natural degradation, renders drinking water unsafe and/or non-potable, and requires significant expenses to remove from public drinking water supplies.

26. At all times relevant to this action, SQM, SQMNA, and the Manufacturer Defendants could have removed or substantially reduced the levels of perchlorate impurity in the product, but failed to do so.

27. Despite knowing or having reason to know that long-term groundwater contamination and pollution of water supplies were inevitable consequences of the foreseeable and intended uses of their Fertilizer Products, SQM, SQMNA, and the Manufacturer Defendants nonetheless promoted, marketed and/or sold such products in California and elsewhere.

28. Adequate warnings regarding the known and foreseeable risks of perchlorate could have prevented or mitigated the contamination and resulting damages alleged herein.

Despite knowing or having reason to know of the risks to public drinking water resources posed by the discharge, disposal, or release into or onto land of the Fertilizer Products, SQM, SQMNA, and the Manufacturer Defendants unreasonably failed to provide any adequate warnings regarding the known and foreseeable risks of perchlorate to customers, end-users, regulators, public officials and/or the public, including Plaintiff.

**C. The Impact of Perchlorate on Plaintiff's Water System.**

29. Perchlorate has been detected in varying amounts at varying times in water extracted from Plaintiff's existing wells.

30. The injuries to Plaintiff caused by Defendants' conduct as alleged herein constitute an unreasonable interference with, and damage to, the limited subterranean supply of fresh drinking water on which Plaintiff's Water System depends. Plaintiff's interest in protecting the quality of its limited drinking water supply constitutes a reason personal for seeking damages sufficient to restore such drinking water supply to its pre-contamination condition.

**D. Summary of Allegations.**

31. At all times relevant to this action:

(a) The Defendants, and each of them, sold, exchanged, supplied, distributed, delivered or otherwise provided (directly or indirectly) Fertilizer Products to third parties such as farmers. Such sales, exchanges, supplies, distributions, deliveries and/or other provisions of Fertilizer Products to third parties occurred over time.

(b) Fertilizer Products purchased or otherwise acquired (directly or indirectly) from the Defendants, and each of them, by third parties were applied, discharged, disposed of or otherwise released into or onto lands in the vicinity of Plaintiff's Water System. Such applications, discharges, disposals and/or releases of perchlorate occurred at various times, in varying quantities and in different locations.

(c) Perchlorate takes time to migrate from points of application, discharge, disposal and/or release to locations within the subsurface at which it has

an appreciable impact on groundwater. Perchlorate has over time migrated in the subsurface from various application, discharge, disposal and/or release points at or near the surface on lands in the vicinity of Plaintiff's Water System, causing pollution, contamination, and substantial and continuing damage to the drinking water supply of Plaintiff's Water System, causing appreciable injury to Plaintiff and damaging Plaintiff at such times and in amounts to be proved at trial.

32. At all times relevant to this action, Fertilizer Products manufactured and/or sold by Defendants caused and/or contributed to the perchlorate contamination alleged herein.

33. At all times relevant to this action, the Fertilizer Products purchased or otherwise acquired by third parties were Fertilizer Products manufactured, marketed, distributed and/or sold by one or more of the Defendants named herein.

34. Defendants, and each of them, are jointly and severally liable for the damages alleged herein.

## FIRST CAUSE OF ACTION

**(Strict Products Liability Based On Defective Design Against SQMNA And The Distributor Defendants)**

35. Plaintiff realleges each of the preceding paragraphs, and by this reference incorporates each such paragraph as though set forth in full.

36. SQMNA and the Distributor Defendants, and each of them, promoted, marketed, distributed, and/or sold Fertilizer Products.

37. SQMNA and the Distributor Defendants, and each of them, knew that third parties such as farmers would purchase such Fertilizer Products and use them without inspection for defects.

38. Fertilizer Products purchased or otherwise acquired (directly or indirectly) from SQMNA and the Distributor Defendants, and each of them, by third parties such as farmers were applied, discharged, disposed of, or otherwise released into or onto lands in the vicinity of Plaintiff's Water System.

39. The Fertilizer Products purchased by third parties were used in a reasonably foreseeable manner and without substantial change in the condition of such products.

40. SQMNA and the Distributor Defendants knew, or should have known, that use of the Fertilizer Products in their intended manner would result in the discharge, disposal, or release of perchlorate into or onto land.

41. The Fertilizer Products used in the vicinity of Plaintiff's Water System were defective in design and unreasonably dangerous products because, among other things:

(a) Perchlorate causes extensive groundwater contamination when it, or products containing it, are released to or placed into the subsurface.

(b) Perchlorate poses significant threats to the public health and welfare and the environment.

(c) Defendants failed to conduct reasonable, appropriate, or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of perchlorate.

(d) Perchlorate was an unnecessary contaminant that neither adds materially to the effectiveness of the Products nor provides any other benefit as an ingredient of the Products.

42. At all times relevant to this action, the Fertilizer Products were dangerous to an extent beyond that which would be contemplated by the ordinary consumer, and/or the risk of harm to public health and welfare and the environment posed by perchlorate outweighed the cost to Defendants of reducing or eliminating such risk.

43. As a direct and proximate result of the defects previously described, Plaintiff's wells and water supply have been, and continue to be, contaminated with perchlorate, causing Plaintiff significant injury and damage.

44. As a direct and proximate result of SQMNA and the Distributor Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation, and monitoring costs and expenses related to the perchlorate contamination of Plaintiff's Water System in an amount to be proved at trial.

45. SQMNA and the Distributor Defendants are strictly, jointly and severally liable for all such damages, and Plaintiff is entitled to recover all such damages in this action.

46. SQMNA and the Distributor Defendants knew that it was substantially certain that their alleged acts and omissions described above would cause injury and damage, including perchlorate contamination of drinking water supplies.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

## SECOND CAUSE OF ACTION

**(Strict Products Liability Based On Failure To Warn Against SQMNA And The Distributor Defendants)**

47. Plaintiff realleges each of the preceding paragraphs, and by this reference incorporates each such paragraph as though set forth in full.

48. SQMNA and the Distributor Defendants, and each of them, promoted, marketed, distributed, and/or sold Fertilizer Products.

49. SQMNA and the Distributor Defendants, and each of them, knew that such Fertilizer Products were to be purchased and used without inspection for defects.

50. The Fertilizer Products purchased or otherwise acquired (directly or indirectly) from SQMNA and the Distributor Defendants, and each of them, by third parties such as farmers were applied, discharged, and/or disposed of in or otherwise released into or onto lands in the vicinity of Plaintiff's Water System.

51. The Fertilizer Products purchased by third parties such as farmers were used in a reasonably foreseeable manner and without substantial change in the condition of such products.

52. SQMNA and the Distributor Defendants knew, or should have known, that, use of Fertilizer Products in their intended manner would result in the spillage, discharge, disposal or release of perchlorate into or onto land.

53. The Fertilizer Products used in the vicinity of Plaintiff's Water System were defective in design and unreasonably dangerous products for the reasons set forth in Paragraph 42 above.

54. Despite the known and/or foreseeable environmental and human health hazards associated with the application or release of Fertilizer Products in the vicinity of subterranean drinking water supplies, including contamination of public drinking water supplies with perchlorate, SQMNA and the Distributor Defendants, and each of them, failed to provide adequate warnings of, or take any other precautionary measures to mitigate, those hazards.

55. In particular, SQMNA and the Distributor Defendants failed to describe such hazards or provide any precautionary statements regarding such hazards in the labeling of their Fertilizer Products or otherwise.

56. As a direct and proximate result of SQMNA and the Distributor Defendants' failure to warn of the hazards posed by application or release of Fertilizer Products in the vicinity of subterranean drinking water supplies that were, or should have been, known to them, perchlorate contaminates Plaintiff's Water System.

57. As a direct and proximate result of SQMNA and the Distributor Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation and monitoring costs and expenses related to the perchlorate contamination of Plaintiff's Water System in an amount to be proved at trial.

58. SQMNA and the Distributor Defendants are strictly, jointly and severally liable for all such damages, and Plaintiff is entitled to recover all such damages in this action.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth hereafter.

**THIRD CAUSE OF ACTION**

**(Negligence Against SQM, SQMNA, And The Manufacturer Defendants)**

59. Plaintiff realleges each of the preceding paragraphs, and by this reference incorporates each such paragraph as though set forth in full.

60. SQM, SQMNA, and the Manufacturer Defendants had a duty and breached their duty to use due care in the design, testing, manufacture, formulation, marketing, distribution, and/or sale of Fertilizer Products.

61. SQM, SQMNA, and the Manufacturer Defendants also had a duty and breached their duty to minimize the environmental harm caused by perchlorate.

62. SQM, SQMNA, and the Manufacturer Defendants negligently, carelessly, and/or recklessly designed, manufactured, formulated, handled, controlled (or the lack thereof), tested (or the lack thereof), marketed, sold, and/or otherwise entrusted Fertilizer Products, and breached their duty to use due care, as follows:

(a) SQM, SQMNA, and the Manufacturer Defendants failed to conduct reasonable, appropriate or adequate scientific studies to evaluate the environmental fate and transport and potential human health effects of perchlorate.

(b) SQM, SQMNA, and the Manufacturer Defendants, and each of them, knew, or reasonably should have known, that: (a) perchlorate is toxic; and (b) when applied, discharged, disposed of or otherwise released into or onto land, perchlorate readily migrates through the subsurface, mixes easily with groundwater, moves great distances, resists natural degradation, renders drinking water unsafe and/or non-potable and requires significant expenses to remove from public drinking water supplies.

(c) Despite knowing that perchlorate would contaminate groundwater, SQM, SQMNA, and the Manufacturer Defendants nonetheless supplied, marketed, sold, and/or entrusted Fertilizer Products to downstream handlers, purchasers and end-users.

(d) SQM, SQMNA, and the Manufacturer Defendants failed to provide adequate warnings of, or take any other precautionary measures to mitigate, the known and foreseeable risks posed by application, spillage, discharge, disposal, or release into or onto land of such Fertilizer Products, including contamination of groundwater with perchlorate, despite their knowledge of the special hazards associated with perchlorate.

(e) SQM, SQMNA, and the Manufacturer Defendants could have removed or substantially reduced the levels of the perchlorate impurity in the

Products, but failed to do so. Perchlorate is an unnecessary contaminant that added no material benefit to the effectiveness of the Products.

63. As a direct and proximate result of SQM, SQMNA, and the Manufacturer Defendants' acts and omissions as alleged herein, Plaintiff's wells and water supply have been, and continue to be, contaminated with perchlorate, causing Plaintiff significant injury and damage. As a direct and proximate result of SQM, SQMNA, and the Manufacturer Defendants' acts and omissions as alleged herein, Plaintiff has incurred, is incurring, and will continue to incur, investigation, treatment, remediation, and monitoring costs and expenses related to the perchlorate contamination of Plaintiff's Water System in an amount to be proved at trial.

WHEREFORE, Plaintiff prays judgment against SQM, SQMNA, and the Manufacturer Defendants as set forth hereafter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a trial of this Action before a jury, and that, upon a favorable verdict, this Court enter judgment in favor of Plaintiff and against Defendants, jointly and severally, as follows:

a. An award of compensatory damages according to proof; and

b. Such other further relief as the Court may deem just and proper.

DATED: October 15, 2010

SHER LEFF LLP

By: [signature]

VICTOR M. SHER
TODD E. ROBINS
SARA D. VAN LOH

ALVAREZ-GLASMAN & COLVIN

ARNOLD M. ALVAREZ-GLASMAN
ANDEW L. JARED

Attorneys for Plaintiff,
CITY OF POMONA

## CERTIFICATE OF SERVICE

SUPERIOR COURT OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

City of Pomona v. SQM North America, et al.
Case No. KC059821H

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to this action. My business address is 450 Mission Street, Suite 400, San Francisco, CA 94105.

On **December 13, 2010**, I served the following document described as:

1. **COMPLAINT FOR DAMAGES AND OTHER RELIEF: (1) STRICT PROD. LIABILITY (DESIGN DEFECT); (2) STRICT PROD. LIABILITY FAILURE TO WARN; (3) NEGLIGENCE**
2. **SUMMONS**
3. **CIVIL CASE COVER SHEET**
4. **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**
5. **INFORMATION ABOUT ALTERNATIVE DISPUTE RESOLUTION AND STIPULATION TO PARTICIPATE**
6. **NOTICE OF CASE MANAGEMENT CONFERENCE**
7. **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDER EXTENDING CASE MANAGEMENT CONFERENCE**

on the interested parties in said actions as follows:

| | |
|---|---|
| SQM North America Corporation | Agent for Service of Procss:<br><br>CT Corporation System<br>818 W 7th Street<br>Los Angeles, CA 90017 |

[ X ] <u>(BY MESSENGER SERVICE)</u> I served the documents by placing them in an envelope or package addressed to the company named in the attached service list and providing them to a providing them to a professional messenger service for service.

[ ] **(BY LEXIS NEXIS)** By electronically transmitting the document(s) listed above to Lexis Nexis File & Serve, an electronic service provider, at www.fileandserve.lexisnexis.com

[ ] **(BY MAIL)** I caused to such envelope to be deposited in the mail at San Francisco, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day of deposit for mailing in affidavit.

[ ] **(BY FEDERAL EXPRESS)** I am readily familiar with the business practices of collecting and processing items for pick up and next business day delivery by Federal Express. Under said practices, items to be delivered the next business day are either picked up by Federal Express or deposited in a box or other facility regularly maintained by Federal Express in the ordinary course of business on that same day. I placed such sealed envelope for delivery by Federal Express to the offices of the addressee(s) as indicated on the attached mailing list on the date hereof following ordinary business practices.

[ ] **(BY FACSIMILE)** By transmitting the document listed above from Sher Leff, LLP in San Francisco, California to the facsimile machine telephone number(s) set forth on the attached service list.

[X] **STATE** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 13, 2010 at San Francisco, California.

Dagny Brown

Dagny Brown

TX Report

P 1
12/14/2010 07:39
Serial No. 426E08959
TC: 266009

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 14158436421 | 12-14 07:38 | 00:00:34 | 002/002 | OK | |

Note TMR: Timer, POL: Poll, ORG: Original, FME: Frame Erase TX, MIX: Mixed Original, CALL: Manual Communication, CSRC: CSRC, FWD: Forward, PC: PC-FAX, BND: Bind, SP: Special Original, FCODE: F-Code, RTX: Re-Tx, RLY: Relay, MBX: Confidential, BUL:Bulletin, SIP:SIP-Fax, IPADR:IP Address Fax, I-FAX:Internet Fax

Result OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF, TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer, Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full, LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error, DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

# COUNTRYWIDE PROCESS, LLC.

Wednesday December 08, 2004 **INVOICE** ADAROM.7283

5437 LAUREL CANYON BLVD. #112
VALLEY VILLAGE, CA 91607
Telephone: (818) 980-7378, FAX: (888) 900-8312, Tax ID: 35-2230222

Attention: KRISTINA KEATING
Law Offices Of: ADAMS & ROMER
1191 CHURCH STREET
SAN FRANCISCO CA 94114

Work Order #: 20047157
Court: ALAMEDA COUNTY SUPERIOR COURT-CENTRAL
Title: IN THE MATTER OF THE ADOPTION PETITION OF BABY LEDLOW
Documents: LETTER OF SUMMONS ON PERFORMANCE OF CONTRACT OF PURCHASE & SALES; DENIAI OF PATERNITY AND WAIVER OF NOTICE

| Date | Description | Amount |
|---|---|---|
| 12/03/04 07:30PM | Returned Not Served JOSE LUIS ALVAREZ, AT Home 322 W. AVENUE #38F LOS ANGELES CA 90065, Returned By: HAKOP JACK DEMIRCHYAN | |
| 12/03/04 | PROCESS SERVICE | 75.00 |
| | PLEASE PAY FROM THIS INVOICE. | 75.00 |

WHEN PAYING FROM ANY INVOICE OR STATEMENT PLEASE MAIL A COPY TO OUR OFFICE ALONG WITH YOUR PAYMENT.
THANK YOU FOR YOUR BUSINESS.

VISIT US ONLINE AT www.countrywideprocess.com

SERVING LOS ANGELES, ORANGE, RIVERSIDE, SAN BERNARDINO, VENTURA AND SAN DIEGO COUNTIES.

DO NOT BE LEFT BEHIND. ASK US ABOUT THE UPCOMING E-FILING PROGRAM. SAVE TIME, MONEY AND KEEP BETTER TRACK OF WORK YOU HAVE SENT OUT.

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
OCT 15 2010
LOS ANGELES
SUPERIOR COURT

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.; SQM NORTH AMERICA CORPORATION; AND DOES 1 through 200, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CITY OF POMONA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
400 Civic Center Plaza, Room 101 Pomona, CA 91766

CASE NUMBER:
*(Número del Caso):*
KC059521

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Victor M. Sher - Sher Leff LLP; 450 Mission Street Ste. 400; San Francisco, CA 94105; (415) 348-8300

OCT 15 2010

DATE: October 15, 2010 JOHN A. CLARKE Clerk, by L. MASCORRO, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: SQM NORTH AMERICA CORPORATION

under: [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

CASE ASSIGNED FOR ALL PURPOSES TO JUDGE BRUCE MINTO DEPT. H



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

# EXHIBIT C

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Victor M. Sher- SBN 96197
Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105
TELEPHONE NO.: (415) 348-8300 FAX NO.: (415) 348-8333
ATTORNEY FOR (Name): City of Pomona

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 400 Civic Center Plaza, Room 101
MAILING ADDRESS: 400 Civic Center Plaza, Room 101
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona South Court House

FOR COURT USE ONLY

ORIGINAL FILED
OCT 15 2010
LOS ANGELES
SUPERIOR COURT

CASE NAME:
City of Pomona v. Sociedad Quimica y Minera de Chile S.A., et al.

**CIVIL CASE COVER SHEET**
[✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: KC059821 H
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[✓] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): three: strict prod. liability (design defect/failure to warn); negligence
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 15, 2010
Victor M. Sher
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE: Pomona v. SQM, et al. | CASE NUMBER KC059621 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES CLASS ACTION? ☐ YES LIMITED CASE? ☐ YES TIME ESTIMATED FOR TRIAL 30 ☐ HOURS/ ☒ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

**Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: Pomona v. SQM, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) | Professional Negligence (25) | ☐ A6017 Legal Malpractice<br>☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Employment | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case<br>☐ A6109 Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Contract | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019 Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff<br>☐ A6012 Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud<br>☐ A6031 Tortious Interference<br>☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Real Property | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels______ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure<br>☐ A6032 Quiet Title<br>☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |
| Judicial Review | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

| SHORT TITLE: Pomona v. SQM, et al. | CASE NUMBER |
|---|---|

| Section | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☑ A6036 Toxic Tort/Environmental | 1., 2.,(3), 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation Governance(21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| SHORT TITLE: Pomona v. SQM, et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br>☐1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | | ADDRESS: 400 Civic Center Plaza, Room 101 |
|---|---|---|---|
| CITY: Pomona | STATE: CA | ZIP CODE: 91766 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the South courthouse in the Eastern District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: October 15, 2010

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| ATTORNEY FOR (Name): | | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES** | | |
| COURTHOUSE ADDRESS: Pomona 400 Civic Center Plaza, Rm. 106, Pomona, CA 91766 | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)** | | CASE NUMBER: |

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process *(describe)*: ______________________________

Dated: ____________________

| | | |
|---|---|---|
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

| Short Title | Case Number |
|---|---|
| | |

| | | |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

NOTICE SENT TO:

Sher, Victor M.,Esq
Sher Leff LLP
450 Mission Street, Suite 400
San Francisco CA 94105

FILE STAMP ORIGINAL FILED
OCT 19 2010
LOS ANGELES SUPERIOR COURT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| CITY OF POMONA Plaintiff(s), vs. SOCIEDAD QUIMICA Y MINERA DE CHILE Defendant(s). | CASE NUMBER KC059821 |
| | NOTICE OF CASE MANAGEMENT CONFERENCE |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for March 9, 2011 at 8:30 am in Dept. EA H at 400 Civic Center Plaza, Pomona, California, 91766.

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: October 19, 2010

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date: October 19, 2010

John A. Clarke, Executive Officer/Clerk

by ______________, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

### Information About Alternative Dispute Resolution:

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

***These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.***

**Dispute Resolution Programs Act**
**Contracts Administration Office: (213) 738-2621**

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:

- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):

- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:

- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel** The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel** The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral** The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

**For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.**

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program

A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

[CRC 3.221 Information about Alternative Dispute Resolution]

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Sher Leff LLP<br>Sara D. Van Loh SBN 264704<br>450 Mission Street, Suite 400<br>San Francisco, CA 94150<br>TELEPHONE NO.: (415) 348-8300 FAX NO. (Optional): (415) 348-8333<br>E-MAIL ADDRESS (Optional): SVanLoh@SherLeff.com<br>ATTORNEY FOR (Name): Plaintiff, City of Pomona | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 400 Civic Center Plaza, Room 101<br>MAILING ADDRESS: 400 Civic Center Plaza, Room 101<br>CITY AND ZIP CODE: Pomona, CA 91766<br>BRANCH NAME: Pomona South Court House | |
| PLAINTIFF/PETITIONER: City of Pomona<br>DEFENDANT/RESPONDENT: Sociedad Quimica y Minera de Chile SA, et al. | |
| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND [✓] ORDER EXTENDING TIME TO SERVE AND [✓] ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: KC059821 |
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE:<br>DEPT.: TIME: |

1. Applicant (*name*): City of Pomona
   is
   a. [✓] plaintiff
   b. [ ] cross-complainant
   c. [ ] petitioner
   d. [ ] defendant
   e. [ ] cross-defendant
   f. [ ] respondent
   g. [ ] other (*describe*):
2. The complaint or other initial pleading in this action was filed on (*date*): October 15, 2010
3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. [✓] Complaint
   b. [ ] Cross-complaint
   c. [ ] Petition
   d. [ ] Answer or other responsive pleading
   e. [✓] Other (*describe*):
   summons, civil case cover sheet, addendum to civil case cover sheet, ADR information, notice of case management conference
4. Service and filing of the pleading listed in item 3 is presently required to be completed by (*date*): December 14, 2010
5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. [✓] None
   b. [ ] The following (*describe all, including the length of any previous extensions*):
6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties (*name each*):
   Sociedad Quimica y Minera de Chile S.A.



Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS**

Cal. Rules of Court, rules 3.110, 3.1200-3.1207
www.courtinfo.ca.gov

| CASE NAME: City of Pomona v. Sociedad Quimica y Minera de Chile SA, et al. | CASE NUMBER: KC059821 |
|---|---|

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

   Defendant is located in Chile, requiring international service under the Inter-American Convention on Letters Rogatory. International service is a lengthy process likely to take 6 months to 1 year.

   ☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

   Plaintiff cannot complete service under the Inter-American Convention in the 60 days allowed under CRC 3.110(b). Plaintiff must translate all documents to be served, obtain 3-4 seals per document from various governmental departments, send the documents to the U.S. Central Authority, which transmits the documents to the Chilean Central Authority. The Chilean Central Authority transmits the documents to the Chilean courts, which then undertake a lengthy service process in accordance with Chilean law.

   ☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

   Plaintiff requests an extension until December 15, 2011, to accomplish service under the Inter-American Convention, accounting for unexpected delays in the service of process.

10. Notice of this application under rules 3.1200–3.1207 ☑ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons)*:

    Plaintiff served Defendant SQM North America with notice of this extension request on December 14, 2010. No opposition to the extension request is expected.

    ☐ Continued on Attachment 10.

11. Number of pages attached: 0

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12/13/10

Sara D. Van Loh
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

▶ [signature]
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2. The pleading must be served and filed no later than *(date)*:
3. ☐ The case management conference is rescheduled to:
   a. Date:
   b. Time:
   c. Place:
4. Other orders:
5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

JUDICIAL OFFICER

# EXHIBIT D

COPY

PAUL L. GALE, Bar No. 65873
paul.gale@troutmansanders.com
SIAVASH DANIEL RASHTIAN, Bar No. 228644
daniel.rashtian@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: (949) 622-2700
Facsimile: (949) 622-2739

Attorneys for Defendant
SQM NORTH AMERICA CORPORATION

ORIGINAL FILED
JAN 05 2011
LOS ANGELES
SUPERIOR COURT

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| CITY OF POMONA,<br>Plaintiff,<br>v.<br>SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.; SQM NORTH AMERICA CORPORATION; AND DOES 1 through 200, INCLUSIVE<br>Defendants. | Case No. KC059821<br>HON. BRUCE MINTO<br>**SQM NORTH AMERICA CORPORATION'S ANSWER TO PLAINTIFF CITY OF POMONA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF** |

By Fax

1060791v1

## GENERAL DENIAL

Defendant SQM North America Corporation ("SQMNA"), by and through its counsel, answers Plaintiff City of Pomona's (the "City") Complaint for Damages and Other Relief ("Complaint") in this action as follows:

Pursuant to Code of Civil Procedure § 431.30(d), SQMNA denies, generally and specifically, each and every allegation contained in the Complaint, and the whole thereof, and denies that the City has or will sustain damages in any sum alleged, or in any other sum, or at all, and denies that the City is entitled to any of the relief requested, by reason of any alleged act, breach or omission on the part of SQMNA, or any agent or employee of SQMNA.

As separate affirmative defenses to the Complaint, SQMNA alleges, on information and belief, the following affirmative defenses. By alleging the following affirmative defenses, SQMNA does not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action against SQMNA. Accordingly, the City is barred from any recovery in this action.

## SECOND AFFIRMATIVE DEFENSE

The City's claims are barred in whole or in part because federal, state and/or local authorities have mandated, directed, approved and/or ratified the alleged actions or omissions of SQMNA.

## THIRD AFFIRMATIVE DEFENSE

The City's damages, if any, are barred, in whole or in part, by the City's own actions or the actions of third parties, including but not limited to the City's agents, that contributed to or were the sole cause of damages the City allege to have suffered.

## FOURTH AFFIRMATIVE DEFENSE

SQMNA's conduct was not the cause in fact of any injuries alleged by the City.

## FIFTH AFFIRMATIVE DEFENSE

The City is not entitled to recover, in whole or in part, based on the allegations in its Complaint to the extent the City seeks an award of attorneys' fees and costs.

## SIXTH AFFIRMATIVE DEFENSE

The City has failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

The City suffered no losses or injuries that were proximately caused by SQMNA.

## EIGHTH AFFIRMATIVE DEFENSE

The City's causes of action are barred, in whole or in part, because SQMNA owed no legal duty to the City.

## NINTH AFFIRMATIVE DEFENSE

The City's causes of action are barred, in whole or in part, because without admitting to the existence of any legal duty or obligation alleged in the Complaint, any duty or obligation which the City claims is owed by SQMNA, have been fully performed, satisfied, discharged or excused.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**TENTH AFFIRMATIVE DEFENSE**

The City's causes of action, and each of them, are or may be barred in whole or in part by the applicable statute of limitations and/or the statute of repose.

**ELEVENTH AFFIRMATIVE DEFENSE**

The City's causes of action are barred, in whole or in part, because SQMNA would be entitled to offsets against any purported damages, if any, allegedly sustained by the City.

**TWELFTH AFFIRMATIVE DEFENSE**

The City's causes of action are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The City's claims are barred because any injury, damage or loss sustained by the City in connection with the subject matter of this action was not reasonably foreseeable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The City's causes of action are barred, in whole or in part, because SQMNA is not a proper party to the Complaint.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The City's causes of action are barred, in whole or in part, because the damages and losses alleged by the City, if any exist, were caused by its own acts of negligence and unreasonable conduct, and not by the acts of SQMNA.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## SIXTEENTH AFFIRMATIVE DEFENSE

The City's causes of action are barred, in whole or in part, because SQMNA acted reasonably, with justification, in good faith and in compliance with all applicable laws, regulations, and industry standards at all times.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The City's causes of action are barred because the City inexcusably and unreasonably delayed the commencement of the action against SQMNA to the prejudice of SQMNA.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The City's causes of action are barred, in whole or in part, on the ground that the City has not suffered any damages as a result of any actions by SQMNA.

## NINETEENTH AFFIRMATIVE DEFENSE

The City's causes of action may be barred, in whole or in part, by the doctrine of preemption.

## TWENTIETH AFFIRMATIVE DEFENSE

The City's causes of action are barred to the extent that the City seeks relief against SQMNA not allowed under applicable law or are in violation of public policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The City is not entitled to recover based on the allegations in the Complaint to the extent that any acts or omissions by SQMNA were not a substantial factor in bringing about the City's alleged damages and, therefore, were not a contributing cause thereof, but were superseded by the acts or omissions of the City and its agents, or by the acts or omissions of third parties which were independent, intervening and proximate causes of any injury or damages suffered by the City.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The City's causes of action may be barred, in whole or in part, because the City, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon said conduct referred to in the Complaint, and all purported damages alleged to be related thereto and proximately caused thereby.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The City's causes of action may be barred, in whole or in part, because of a failure to name all proper parties to this Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The City's causes of action may be barred, in whole or in part, because the City lacks the capacity and/or standing under the law to bring this action against SQMNA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The City's causes of action may be barred, in whole or in part, because the City's alleged injuries arose from acts of God.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The City's claims are barred because the City has failed to exhaust its administrative remedies.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The City's claims are not ripe for adjudication.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The City's claims are barred in whole or in part by the doctrine of "unclean hands."

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

The City has failed to investigate the cause of the alleged harm or attempted to identify the actual responsible party or parties.

**THIRTIETH AFFIRMATIVE DEFENSE**

The City has failed to join indispensable or necessary parties.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

SQMNA is entitled to total or partial indemnity from those individuals or entities who are responsible for the City's injuries or damages, if any, in an amount in direct proportion to their relative culpability.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Any fertilizer sold or distributed by SQMNA was properly designed, formulated, prepared and otherwise not defective in any respect.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Any fertilizer sold or distributed for resale by SQMNA was not reasonably dangerous when made.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

SQMNA sold its fertilizer to knowledgeable and sophisticated purchasers, and any injury alleged by plaintiffs was caused by such purchasers' failure to observe known standards of care.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

To the extent required, SQMNA provided proper warnings, information and instructions relating to its fertilizer pursuant to the generally recognized and prevailing standards in existence at the time.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

The City's claims are barred in whole or in part by the mootness doctrine.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

The City and/or its attorneys are responsible for any damages, financial or otherwise, caused as a result of this litigation.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

SQMNA presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. SQMNA reserves its right to assert additional affirmative defenses in the event discovery or investigation indicates it would be appropriate.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

**WHEREFORE**, SQMNA prays as follows:

1. That Plaintiff takes nothing by way of its Complaint;
2. For Judgment in favor of SQMNA;
3. For SQMNA's attorneys' fees and costs of suit;
4. For such other and further relief as the Court deems just and proper.

Dated: January 5, 2011

TROUTMAN SANDERS LLP

By: Paul L. Gale

Attorneys for Defendant
SQM NORTH AMERICA
CORPORATION

## PROOF OF SERVICE

**STATE OF CA, COUNTY OF ORANGE COUNTY**

I am employed in the County of Orange County, State of CA. I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA 92614-2545.

On January 5, 2011, I served the following document(s) described as:

**SQM NORTH AMERICA CORPORATION'S ANSWER TO PLAINTIFF CITY OF POMONA'S COMPLAINT FOR DAMAGES AND OTHER RELIEF**

☒ **BY MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

| | |
|---|---|
| Victor M. Sher, Esq.<br>Todd E. Robins, Esq.<br>Sara D. Van Loh, Esq.<br>Sherr Leff LLP<br>450 Mission Street, Suite 400<br>San Francisco, CA 94105 | Arnold M. Alvarez-Glasman, Esq.<br>Andrew L. Jared, Esq.<br>Alarez-Glasman & Colvin<br>13187 Crossroads Pkwy, North<br>Suite 400 – West Tower<br>City of Industry, CA 91746 |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 5, 2011, at Irvine, CA.

Felisa H. Lybarger

1060834v1



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# PROOF OF SERVICE

I, Felisa H. Lybarger, declare:

I am a citizen of the United States and employed in Orange County County, CA. I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, CA 92614-2545.

On January 6, 2011, I served the following document(s) described as:

**1) NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**

**2) CIVIL COVER SHEET**

**3) NOTICE OF INTERESTED PARTIES**

☒ **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

On the following parties:

Victor M. Sher, Esq.
Todd E. Robins, Esq.
Sara D. Van Loh, Esq.
Sherr Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94105

Arnold M. Alvarez-Glasman, Esq.
Andrew L. Jared, Esq.
Alarez-Glasman & Colvin
13187 Crossroads Pkwy, North
Suite 400 – West Tower
City of Industry, CA 91746

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on January 6, 2011, at Irvine, CA.

Felisa H. Lybarger



TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CITY OF POMONA

**DEFENDANTS**
SOCIEDAD QUIMICA Y MINERA DE CHILE S.A.; SQM NORTH AMERICA CORPORATION

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Victor M. Sher
Sher Leff LLP
450 Mission Street, Suite 400
San Francisco, CA 94150
415-348-8300

Attorneys (If Known)
Paul L. Gale
Siavash Danel Rashtian
Troutman Sanders, LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
949-622-2700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity jurisdiction 28 U.S.C. § 1332(a)(1). Plaintiff alleges causes of action for strict products liability (design defect), strict products liability (failure to warn), and negligence.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☒ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV11-00167

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**



American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant SQM North America Corporation - New York and Georgia; Defendant Sociedad Quimica Y Minera De Chile S.A. - Chile |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** January 6, 2011

Paul L. Gale

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |



American LegalNet, Inc.
www.FormsWorkflow.com